Richard B. Teitelman, Judge
Ronald Malam appeals a Labor and Industrial Relations Commission (commission) decision denying his claim for workers’ compensation benefits. The commission determined that Mr. Malam was involved in a workplace accident but concluded that he did not bear his burden of proving that the accident was the “prevailing factor” causing his medical condition or disability. The commission’s decision is reversed, and the case is remanded.
Facts
Mr. Malam was employed by the Missouri Department of Corrections (employer) as a corrections officer. While at work, Mr. Malam executed a “takedown” on an uncooperative inmate. ■ Mr. Malam initially experienced only an adrenaline rush. As he escorted the inmate to his housing unit, Mr. Malam became short of breath and began spitting up blood. Mr. Malam was taken by ambulance to the hospital where he experienced a “hypertensive crisis” and was unconscious for a week.
Mr. Malam’s treating physicians were aware of the takedown but noted no external signs of injury on Mr. Malam except a bruised knee. Dr. Timothy Woods stated that it was “likely that trauma precipitated the medical processes [Mr. Malam] has going on.” Dr. Douglas Ham stated that it was “unclear whether this was all related to a possible cardiac contusion tipping [Mr, Malam] into the congestive heart failure or whether he could have also had pulmonary contusion which worsened his respiratory and cardiac status or could have been secondary to the stress of the altercation.” Ultimately, Mr. Malam underwent a heart catheterization, and the doctors diagnosed him with a hypertensive crisis.
Mr. Malam filed a claim for workers’ compensation seeking reimbursement from employer in the amount of $138,010.15 for medical expenses. At a hearing before an administrative law judge (ALJ), the parties introduced expert medical opinions from two doctors, Dr., Anne-Marie Puri-celli examined Mr. Malam on behalf of his employer. Dr, Puricelli concluded that the prevailing factors causing Mr. Malam’s hypertensive crisis were his preexisting health problems. Mr. Malam’s medical expert, Dr. Brent Koprivica, concluded that the takedown was “the direct, proximate and prevailing factor precipitating [Mr. Malam’s] hypertensive crisis.” The ALJ found that, “[b]ased on.the opinion of Dr. Puricelli,” the takedown did not meet the prevailing factor requirement and that the hypertensive crisis was not related to any work event.
Mr. Malam appealed the ALJ decision to the commission. The commission determined that Mr. Malam suffered an accident but that Mr. Malam was not entitled to benefits because he had not proven that the accident was the prevailing factor causing his medical condition or disability. The commission found Dr. Puricelli “did not have the correct facts” and, therefore, disagreed with her conclusion that Mr. Malam’s pre-existing health problems were the prevailing factors causing his hypertensive crisis. Specifically, the commission noted that Dr. Purieelli’s opinion was based on the erroneous assumption that Mr. Malam had not fallen to the ground *928 during the takedown and speculation that Mr. Malam had received inadequate medical care for his pre-existing hypertension.
The commission determined that Dr. Kopriviea’s opinion was insufficient to establish causation because he referred to the takedown as both a “precipitating” and a “prevailing factor” in Mr. Malam’s hypertensive crisis. The commission agreed that “an accident may be both a precipitating and the prevailing factor causing a compensable injury” but concluded that “this does not appear to be Dr. Koprivica’s opinion in this case.” The commission concluded that even if Dr. Koprivica’s opinion were credible, Mr. Malam failed to establish that the accident was the prevailing factor in his injury because “absent further explanation as to what Dr. Koprivi-ca meant by choosing those specific words, we simply are unable to conclude that Mr. Malam has proven the requisite degree of causation to satisfy the requirements of the statute.”'
Mr. Malam raises two points on appeal. First, he asserts that the commission erred in finding that he failed to meet his burden of proving that his accident was the prevailing factor causing his hypertensive crisis because Dr. Koprivica’s testimony established that the takedown was the prevailing factor. Alternatively, Mr. Ma-lam asserts that the commission erred by focusing on the hypertensive crisis as the sole injury while ignoring other injuries that, in turn, “caused the need to treat the hypertensive crisis.”
Standard of Review
A reviewing court may modify, reverse, remand for rehearing, or set aside a workers’ compensation award upon a finding that: (1) the commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the commission’s factual findings do not support the
award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. Section 287.495.1[1] “Whether the award is supported by competent and substantial evidence is judged by examining the evidence in the context of the whole record.” Hampton v. Big Boy Steel Erection, 121 S.W.3d 220, 223 (Mo. banc 2003).
Questions of law are reviewed de novo. Pierce v. BSC, Inc., 207 S.W.3d 619, 621 (Mo. banc 2006). This Court must defer to the commission’s findings on issues' of fact, the credibility of the witnesses, and the weight given to conflicting evidence. Treasurer of State-Custodian of Second Injury Fund v. Witte, 414 S.W.3d 455, 460 (Mo. banc 2013). The determination of whether an accident is the “prevailing factor” causing a claimant’s condition is an inherently factual one. Maness v. City of De Soto, 421 S.W.3d 532, 539 (Mo.App.2014). Although the commission’s decision is afforded substantial deference, this Court must still “examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, i.e., whether the award is contrary to the overwhelming weight of,the evidence.” Hampton, 121 S.W.3d at 222-23.
Analysis
To obtain workers’ compensation benefits, Mr. Malam had to prove that he was involved in an “accident” that was the “prevailing factor” causing an injury that arose out of and in the course of employment. Section 287.020.2 provides:
The word “accident” as used in this chapter shall mean an unexpected traumatic event or unusual strain identifiable by time and place of occurrence and producing at the time objective symp *929 toms of an injury caused by a specific event during a single work shift. An injury is not compensable because work was a triggering or precipitating factor.
Section[1]287.020.3(1) provides that “[a]n injury by accident is compensable only if the accident was the prevailing factor in causing both the resulting medical condition and disability.” A “prevailing factor” is “the primary factor, in relation to any other factor, causing both the resulting medical condition and disability.” Id.
The dispositive issue in this case is whether Mr. Malam proved by substantial and competent evidence that his workplace accident was the prevailing factor causing his subsequent hypertensive crisis. “Medical causation, which is not within common knowledge or experience, must be established by scientific or medical evidence showing the relationship' between the complained of condition and the asserted cause.” Gordon v. City Of Ellisville, 268 S.W.3d 454, 461 (Mo.App.2008). Ascertaining whether Mr. Malam’s workplace accident caused him to suffer a hypertensive crisis requires expert medical testimony. The dissenting opinion notes evidence of Mr. Malam’s “complex” medical history, but the fact remains that the precise, dis-positive issue of causation- was resolved by the commission’s assessment of the testimony of Dr. Puricelli and Dr. Koprivica. As noted, the commission disputed Dr. Puricelli’s conclusion because it was based on inaccurate facts. By discarding Dr. Puricelli’s testimony, the commission was left with Mr. Malam’s expert, Dr. Koprivi-ca. The commission found that Dr. Kopri-vica did not testify unequivocally that Mr, Malam’s workplace accident was the prevailing factor because he testified that the accident was the “prevailing factor precipitating” the hypertensive crisis.
While “[t]his Court defers to the Commission’s factual findings and recognizes that it is the Commission’s function to determine credibility of witnesses,” Hornbeck v. Spectra Painting, Inc., 370 S.W.3d 624, 629 (Mo. banc 2012), this is not a case in which the commission made a credibility determination as to competing medical experts. Instead, this case involves an overly technical and parsed analysis of Dr. Koprivica’s testimony that overlooks the plain meaning of what he said. As Missouri courts have recognized, “[T]he words a medical expert uses ... are often- important, not so much in and of themselves, but as a reflection of what impression such witness wishes to impart.” Mayfield v. Brown Shoe Co., 941 S.W.2d 31, 36 (Mo. App.1997).
The commission determined that Mr. Malam failed to sustain his burden of proof because Dr. Koprivica’s testimony was equivocal. Dr. Koprivica’s testimony was not equivocal.' At no point did Dr. Kopri-vica state that Mr. Malam’s accident' was merely a “precipitating factor” in relation to another “prevailing factor.” Rather, Dr. Koprivica emphasized the' role of Mr. Malam’s accident while minimizing the role of his preexisting conditions: “Clearly, Mr. Malam had an underlying hypertensive cardiomyopathy identified as far back as 2005. Nevertheless, the prevailing factor[s] precipitating the specific event were the unexpected emotional and physical stresses associated with restraining the offender,” Read in context, the plain meaning of Dr. Koprivica’s testimony was that the accident was the prevailing factor causing or, in his words, “precipitating” Mr. Malam’s hypertensive crisis. The commission’s decision to deny worker’s compensation benefits to Mr. Malam is reversed, and the case is remanded.
Breckenridge, C.J., Stith and Draper, JJ., concur; Russell, J., dissents in separate opinion filed; Fischer and Wilson, JJ., concur in opinion of Russell, J.

. All statutory references are to RSMo 2000 as updated through the 2010 Supplement.