

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| **TREASURER OF THE STATE OF MISSOURI,** | WD79465 |
| Appellant, | OPINION FILED: |
| v. | September 6, 2016 |
| **DARYL MAJORS,** | |
| Respondent. | |

**Appeal from the Labor and Industrial Relations Commission.**

**Before Special Div.: Mark D. Pfeiffer, C.J., Gary D. Witt, and Anthony Rex Gabbert, JJ.**

The Treasurer of the State of Missouri as Custodian of the Second Injury Fund (SIF) appeals the final award of the Labor and Industrial Relations Commission granting employee Daryl Majors permanent total disability benefits, medical expenses, and future medical care for a 2012 work injury. In SIF's sole point on appeal, SIF argues that the Commission erred in awarding permanent total disability benefits to Majors because Majors did not meet the statutory requirements for such benefits. We affirm.

## Statement of Facts

On March 29, 2012, while working as a street sweeper for the City of Marshall, Daryl Majors slipped while stepping down from his truck onto the curb and twisted his right knee. Majors was referred to Dr. Daniel J. Stechschulte for treatment. On April 25, 2012, Dr.

Stechschulte diagnosed Majors with a meniscal tear. Dr. Stechshulte also noted other degenerative conditions in the same knee. An arthroscopy was performed on Major's right knee and he was subsequently diagnosed with several impairments including; partial medial and lateral meniscectomies, a patellofemoral chondroplasty, loose bodies, partial thickness anterior cruciate ligament tear and degenerative arthritis.[1] On September 11, 2012, Dr. Stechschulte recommended permanent light duty for Majors at work with restrictions that included wearing a knee brace at all times, no lifting below the knee, no kneeling, no squatting, no climbing, no running, and no pivoting of the right knee.

Majors returned to work after the arthroscopy. Upon filing a workers' compensation claim for the 2012 right knee injury, Majors retained orthopedic surgeon Dr. James Stuckmeyer to provide a medical diagnosis and assessment on the condition of his knees. In his February 2013 report, Dr. Stuckmeyer stated that Majors was not at maximum medical improvement and would need a total right knee replacement. Dr. Stuckmeyer provided that, "if no additional treatment were provided, Majors would be left with sixty percent (60%) disability in his right knee coupled with fifty percent (50%) disability in his left knee resulting from pre-existing conditions and prior injuries." Ultimately, Dr. Stuckmeyer formed the opinion that Majors was physically unable to perform many physical tasks required in manual labor such as, but not limited to, bending his knees, squatting below parallel, twisting his knees, and standing for long periods of time. He based his opinion on the combination of the 2012 right knee work accident and the pre-existing left knee conditions.

---

[1]Prior to this 2012 right knee injury, Majors sustained several injuries to his left knee and received a total knee replacement in 2002. Majors returned to work after this left knee procedure.

Terry Cordray, a certified rehabilitation counselor, assessed Majors' vocational abilities. Cordray based his conclusions with regard to Majors' abilities to compete in the open labor market, in part, on vocational evaluations he conducted. Results yielded that Majors could spell at the seventh grade level and compute math at the tenth grade level. Majors never obtained his high school diploma or GED. Because Majors was sixty-one years old with no skilled work experience, Cordray opined that he had no transferable skills. Ultimately, due to Majors' education level, physical work limitations, and limited work experience, Cordray concluded that Majors had access to only three percent of the jobs in Saline County and only four percent of the jobs in Missouri. Cordray concluded that Majors is unable to compete for work in the open labor market as a result of the primary right knee injury combined with the pre-existing left knee conditions.

Majors filed a claim against his Employer for the 2012 right knee injury as well as a claim against the SIF alleging that the 2012 right knee injury combined with prior injuries and the disability to his left knee resulted in permanent and total disability. The claim against the Employer was subject to stipulation and compromise settlement on June 3, 2014 between the Employee and Employer and that portion of the Award is not before the court. The Administrative Law Judge (hereinafter "ALJ") concluded that Majors was not permanently and totally disabled. As a result, the ALJ awarded Majors $9,746.16 in permanent partial disability benefits from the SIF. In response to the ALJ's ruling, Majors filed an application for review with the Labor and Industrial Relations Commission ("Commission"). The Commission modified the ALJ's award and ordered the SIF to pay permanent and total disability benefits. The Commission concluded that (I) relevant physician testimony and reports certified Majors as permanently and totally disabled and (II) the Commission was permitted to consider all the of

3

available evidence, including vocational expert testimony and assessments, in finding a permanent total disability. The Commission concluded that Majors was permanently and totally disabled as a result of his preexisting left knee conditions combined with the subsequent 2012 right knee injury.

In concluding that the overwhelming weight of the evidence favored a finding of a permanent and total disability, the Commission relied, in part, upon the testimony and opinion of Dr. Stuckmeyer. The Commission also found the expert testimony of vocational expert Cordray to be persuasive. There was no contrary expert vocational or medical opinion evidence presented by the SIF. SIF appeals the Commission's finding that Majors was permanently and totally disabled.

## Standard of Review

Our review of the Commission's decision is governed by Article V, Section 18, of the Missouri Constitution and Section 287.495, RSMo.Cum. Supp. 2000. Article V, Section 18, provides for judicial review to determine whether the Commission's award is authorized by law and supported by competent and substantial evidence on the whole record. "If supported by such evidence, and in the absence of fraud, the Commission's findings of fact are conclusive." *Coday v. Division of Employment Sec.*, 423 S.W.3d 775, 778 (Mo. banc 2014). The appellate court affirms the Commission's decision unless (i) the Commission acted in excess of its powers, (ii) the award was procured by fraud, (iii) the facts do not support the award, (iv) or insufficient competent evidence exists in the record to warrant the making of the award. Section 287.495 RSMo. Cum. Supp. 2015. The appellate court will affirm the Commission's decision if it determines that the Commission could have "reasonably made its findings, and reached its result,

4

upon consideration of all the evidence before it." *Hornbeck v. Spectra Painting, Inc.*, 370 S.W.3d 624, 629 (Mo. banc 2012).

Upon review of the Commission's decision, "we view the evidence objectively and not in the light most favorable to the decision of the Commission." *Poarch v. Treas. of State Custodian of Missouri-Custodian of Second Injury Fund*, 365 S.W.3d 638, 642 (Mo. App. 2012). Where a Commission's decision is based on its interpretation and application of the law, we review the Commission's conclusions of law and its decision de novo. *Riley v. City of Liberty*, 404 S.W.3d 434, 439 (Mo. App. 2013). However, we defer to the Commission's factual findings on issues such as the credibility of witnesses and the weight given to their testimony. *Poarch*, 365 S.W.3d at 642. "This includes the Commission's evaluation of expert medical testimony." *Pruett v. Fed. Mogul Corp.*, 365 S.W.3d 296, 304 (Mo. App. 2012). "The Commission, as the finder of fact, is free to believe or disbelieve any evidence." *Molder v. Missouri State Treas.*, 342 S.W.3d 406, 409 (Mo. App. 2011). Thus, when the evidence before the Commission "would warrant either of two opposed findings, [we are] bound by the [Commission's] determination, and it is irrelevant that there is supportive evidence for the contrary finding." *Hornbeck*, 370 S.W.3d at 629.

### Discussion

In SIF's sole point on appeal, SIF contends that the Commission erred as a matter of law in awarding permanent and total disability benefits by failing to apply the appropriate statutory standard in its finding that Majors is permanently and totally disabled. Under Section 287.190.6(2) RSMo. "permanent partial disability or permanent total disability shall be demonstrated and certified by a physician." More specifically, SIF contends that the statute requires the qualifying medical expert to use the specific phrase "employee is permanently and totally disabled" when declaring a finding of permanent and total disability status in order for a

5

demonstration or certification to be present. SIF acknowledges that Dr. Stuckmeyer assessed a "60% permanent partial disability to the right knee accompanied by a permanent partial disability at 50% to the left knee" due to pre-existing injuries and conditions. However, SIF asserts that, because Dr. Stuckmeyer did not explicitly make a conclusory statement finding that Majors is disabled under Section 287.190.6(2) RSMo., the Commission erred as a matter of law in finding Majors disabled and eligible for permanent and total disability benefits from the SIF. We disagree.

An injury by accident is compensable only if the accident was the prevailing factor in causing both the resulting medical condition and disability. *Malam v. Dep't of Corr.*, 2016 Mo. Lexis 210 (Mo. banc 2016).[2] A prevailing factor is the primary factor, in relation to any other factor, causing both the resulting medical condition and disability. § 287.020.3(1) RSMo. Cum. Supp. 2015. "The words a medical expert uses are often important, not so much in and of themselves, but as a reflection of what impression such witness wishes to impart." *Malam v. Dept. of Corr.* (here, the Supreme Court overturned the Commission's denial of benefits where the Commission found the medical expert's testimony insufficient because the medical expert emphasized the role that the workplace accident played in the injury rather than using the specific phraseology of "precipitating" or "prevailing factor"). In the very recent *Malam* decision, the Missouri Supreme Court indicated that the Commission was being "overly technical" when it denied benefits on the basis that the claimant's expert failed to articulate the statutory standard clearly and "when read in context, the plain meaning of the medical expert's testimony was that the accident was the prevailing factor" in causing the work related injury.

---

[2] Opinion issued on June 28, 2016.

In its finding of permanent and total disability, the Commission was authorized to rely upon the substance of Dr. Stuckmeyer's medical conclusions as to the severity of Majors' knee injury and physical restrictions thereto in combination with his severe pre-existing knee disability and the necessity for future total knee replacement. Though Dr. Stuckmeyer may not have used "magic words" like "certify" and "permanent and total disability," the clear and plain import of Dr. Stuckmeyer's testimony is that Majors' workplace accident was the prevailing factor in causing an extremely debilitating and continuing disability severely restricting Majors' ability to perform the functions of his previous employment or any similar employment in the future. It is no coincidence that vocational expert Cordray concluded that Majors was not able to compete for employment in the open labor market, given the severity of injury and physical restrictions associated with his workplace injury. SIF's attempt to foist a hyper-technical "magic words" test upon Dr. Stuckmeyer's testimony violates the dictate of our Supreme Court in *Malam v. Dep't of Corr.* directing us to consider the words of a medical expert and, in context, apply "the plain meaning of the medical expert's testimony." This is precisely what the Commission has done in interpreting the plain meaning of Dr. Stuckmeyer's testimony and the Commission has not erred in doing so.

"Under Section 287.020 RSMo., the term 'total disability' is defined as the 'inability to return to any employment and not merely...inability to return to the employment in which the employee was engaged at the time of accident.'" *Scott v. Treasurer of State-Custodian of Second Injury Fund*, 417 S.W.3d 381, 386 (Mo. App. 2014). The well-established test for determining permanent total disability is "whether the worker is able to compete in the open labor market." *Id.* at 387 (quoting *Molder v. Missouri State Treasurer*, 342 S.W.3d 406, 411 (Mo. App. 2011). "The ability to compete in the open labor market hinges on whether, in the ordinary course of

7

business, any employer would be reasonably expected to hire the individual given his or her present physical condition." *Id.* "Whether a particular employee is permanently and totally disabled is a factual question." *Rader v. Werner Enterprises, Inc.,* 360 S.W.3d 285, 301 (Mo. App. 2012).

The Commission's finding of a permanent and total disability is consistent with the facts in the record and sufficient competent evidence exists to warrant the making of the award. The Commission's conclusions regarding Majors' ability to compete in the open job market itemized Majors' disabilities, his education level and the specific physical restrictions mandated upon his return to work post injury. The record reflects that the Commission properly applied the test for determining permanent total disability and considered Majors' ability to compete in the open labor market. Specifically, the Commission was convinced by the combination of Drs. Stuckmeyer's and Stechshulte's testimony that Majors' combined knee conditions were serious enough to constitute a hindrance or obstacle to employment for the purposes of Section 287.220.1 RSMo. Cum. Supp. 2000.Dr. Stuckmeyer specifically recommended that Majors obtain a vocational assessment to determine his employability in the open labor market. This assessment was obtained and the vocational expert determined Majors to be permanently and totally disabled. The Commission considered all of this evidence in reaching its disability determination. SIF's argument that the Commission failed to correctly apply the statutory definition of "total disability" ignores the well-established precedential explication of the statutory definition of "total disability." *See Kinyon v. Kinyon,* 71 S.W.2d 78, 82 (Mo. App. 1934).

8

SIF argues that the Commission should not have relied on non-physician vocational expert evidence in considering whether a permanent and total disability exists, and therefore the decision must be reversed. Again, SIF ignores direct precedent on this topic.

"[T]he record need not contain a single expert opinion addressing the entirety of a claimant's conditions. Rather, the Commission may consider the opinions of multiple experts of differing specialties to arrive at its factual determination as to the parts and sum of a claimant's conditions." *Patterson v. Central Freight Lines*, 452 S.W.3d 759, 767 (Mo. App. 2015). Further, in a workers' compensation case, even "[t]he testimony of the claimant or other lay witnesses as to facts within the realm of lay understanding can constitute substantial evidence of the nature, cause, and extent of the disability, especially when taken in connection with, or where supported by, some medical evidence." *ABB Power T & D Co. v. Kempker*, 236 S.W.3d 43, 51 (Mo. App. 2007) (internal quotation marks and citation omitted). It has been well established that the "degree of disability is not solely a medical question." *Id.* (internal quotation marks and citation omitted).

Here, in addition to crediting the opinion of Dr. Stuckmeyer who concluded that Majors suffers from two knee conditions, the Commission credited the testimony of Majors' vocational expert, Cordray. The Commission found that Cordray "persuasively" testified that "employee is unable to compete for work in the open labor market as a result of the combination of his pre-existing left knee conditions and the primary injury affecting his right knee." SIF did not offer any contrary evidence as to vocational ability nor did SIF object to the presentation of this evidence. In weighing Cordray's testimony, the Commission reviewed his testimony from the administrative hearing wherein he testified extensively to Majors' ability (or lack thereof) to compete in the open labor market and whether an employer would reasonably be expected to hire

9

Majors given his debilitating knee injuries, as is required by Section 287.190.2(6) RSMo. SIF's point on appeal is denied.

## Conclusion

The Commission did not err in awarding permanent total disability benefits to Majors. The record reflects competent and substantial evidence supporting the Commission's decision. We affirm, therefore, the Commission's decision.

 

 

_____

Anthony Rex Gabbert, Judge

All concur.