**Linda MANTIA, Respondent,**

v.

**MISSOURI DEPARTMENT OF TRANSPORTATION,**
**Appellant,**

**and**

**Treasurer of Missouri, as Custodian of the Second Injury Fund, Respondent.**

**No. SC 95885**

Supreme Court of Missouri,
en banc.

Opinion issued September 12, 2017

The department of transportation was represented by Jeffrey W. Wright and Catherin S. Salmon of Leahy, Wright & Associates LLC in St. Louis, (314) 766-4462.

Mantia was represented by Jeffrey R. Swaney of The Swaney Law Firm in St. Louis, (314) 481-7778.

The treasurer was represented by E. Joye Hudson of the attorney general's office in St. Louis, (573) 751-3321.

George W. Draper III, Judge

The Missouri Department of Transportation (hereinafter, "Employer") appeals from the Labor and Industrial Relations Commission's (hereinafter, "the Commission") decision awarding Linda Mantia (hereinafter, "Employee") workers' compensation benefits representing 50 percent permanent partial disability of the body as a whole and the right to future medical care for her work-related mental injury. Employer claims the Commission misapplied the law and its award was not supported by sufficient, competent, and substantial evidence.

This Court has jurisdiction under article V, section 10, of the Missouri Constitution, because it granted transfer after opinion by the court of appeals. The Commission's decision is vacated and the cause is remanded because the Commission failed to apply the applicable and clear statutory standards.

## Procedural and Factual Background

Employee worked for Employer for more than twenty years. Employee became a crew leader and, eventually, a supervisor. Her duties included providing traffic control and assistance at motor vehicle accident scenes on Missouri highways. Early in her career, Employee observed accident scenes as often as four times per week. In the 1990s, motorist assist workers responded to the less serious accidents; yet, Employee and her crew responded to the more serious accidents, which often included fatalities.

In February 2008, Employee's primary care physician diagnosed her with depression and referred her to Dr. Asif Habib (hereinafter, "Dr. Habib"). Employee reported conflicting symptoms to Dr. Habib, and he prescribed her several medications. Employee stopped seeing him because she believed he was more interested in prescribing medications than in treating her.

Employee then began counseling with Dr. Timothy Jovick (hereinafter, "Dr. Jovick") from August 2008 until early 2013. Employee talked with Dr. Jovick about her experiences and psychiatric symptoms. Employee described her belief that her motivation and self-image as a supervisor had declined, she became angry at motorists who sped in construction zones, and she "stopped doing things." Dr. Jovick encouraged Employee to drive by the areas she sought to avoid. Employee stopped seeing Dr. Jovick because she felt speaking with him only caused her to relive her traumatic experiences.

In October 2008, Employee filed a workers' compensation claim seeking benefits for mental injuries and disability arising from her work. Employee presented her claims in a hearing before an administrative law judge (hereinafter, "ALJ"). Both Employee and Employer presented medical expert testimony.

Employee presented Dr. Jovick as her expert. Dr. Jovick testified he relied only upon the medical history Employee provided and did not review any other medical records. Dr. Jovick concluded Employee suffered work-related depression and her condition represented major depressive disorder. Dr. Jovick also believed Employee suffered from post-traumatic stress disorder caused by her work. However, Dr. Jovick conceded that a "more comprehensive assessment" of Employee, including an independent psychological and neuropsychological evaluation, may be warranted

for purposes of adjudicating workers' compensation matters.

Employer presented Dr. Wayne Stillings (hereinafter, "Dr. Stillings") as its expert. Dr. Stillings testified he treated Employer's workers, Illinois Department of Transportation workers, and workers from private companies who work on highway scenes. Dr. Stillings explained it is not unusual or extraordinary for highway workers to witness human tragedy at highway scenes. Dr. Stillings concluded Employee suffered a depressive disorder and the prevailing cause was her employment. Dr. Stillings opined Employee's work-related depressive disorder resulted in permanent partial disability.

The ALJ denied Employee's claim for compensation because she failed to prove she suffered extraordinary and unusual work-related stress as required by section 287.120.8.[1] The ALJ specifically noted Employee's testimony that other supervisors witnessed the same type of accident scenes as she did and Dr. Stillings' testimony that it was not extraordinary or unusual for highway employees to view human tragedy when responding to an accident. Employee sought review by the Commission.

The Commission reversed the ALJ's decision. The Commission awarded Employee benefits based on 50 percent permanent partial disability as a result of her mental injury and ordered Employer to pay for future medical care to treat her mental injury. Employer appeals.

## Standard of Review

This Court may modify, reverse, remand, or set aside the Commission's decision only when: (1) the Commission acted *ultra vires*; (2) the decision was procured fraudulently; (3) the facts found by the Commission do not support the award; (4)

there was not sufficient competent evidence to support the award. *Greer v. SYSCO Food Servs.*, 475 S.W.3d 655, 664 (Mo. banc 2015); section 287.495.1, RSMo 2000.

The whole record must be examined in order to determine whether there is sufficient and competent evidence to support the Commission's decision. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222-23 (Mo. banc 2003). Questions of law are reviewed *de novo. Malam v. State, Dep't of Corr.*, 492 S.W.3d 926, 928 (Mo. banc 2016).

## Discussion

Employer raises three points on appeal, alleging the Commission erred because there was insufficient competent, substantial, and objective evidence: (1) to support the award; (2) to conclude Employee suffered a permanent partial disability of 50 percent of the body; and (3) to support awarding Employee future medical care. This Court need only address Employer's first point on appeal; the resolution of that point renders the remaining points moot.

Under the Missouri Workers' Compensation Law (hereinafter, "the Act"), an employer is liable to provide compensation pursuant to the terms of the Act for an employee's personal injuries. Section 287.120.1. Section 287.120.8 provides the framework for determining when a mental injury is compensable under the Act. A "[m]ental injury resulting from work-related stress does not arise out of and in the course of the employment, unless it is demonstrated that the stress is work related and was extraordinary and unusual. The amount of work stress shall be measured by objective standards and actual events." *Id.*

---

1. All statutory references herein are to RSMo Supp. 2005, unless otherwise noted.

■ "Workers' compensation law is entirely a creature of statute, and when interpreting the law the court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible." *Templemire v. W & M Welding, Inc.*, 433 S.W.3d 371, 381 (Mo. banc 2014) (quoting *Greenlee v. Dukes Plastering Serv.*, 75 S.W.3d 273, 276 (Mo. banc 2002)). The primary rule of statutory construction is to determine the legislature's "intent from the language used, give effect to that intent if possible, and consider the words used in their plain and ordinary meaning." *Treasurer of State-Custodian of Second Injury Fund v. Witte*, 414 S.W.3d 455, 461 (Mo. banc 2013) (quoting *State ex rel. Nixon v. QuickTrip Corp.*, 133 S.W.3d 33, 37 (Mo. banc 2004)).

■ This Court presumes every word, sentence, or clause in a statute has effect, and the legislature did not insert superfluous language. *Wehrenberg, Inc. v. Dir. of Revenue*, 352 S.W.3d 366, 367 (Mo. banc 2011). "In the absence of statutory definitions, the plain and ordinary meaning of a term may be derived from a dictionary, and by considering the context of the *entire* statute in which it appears." *State ex rel. Burns v. Whittington*, 219 S.W.3d 224, 225 (Mo. banc 2007) (internal citations omitted) (emphasis added). This Court must strictly construe the provisions of the Act. Section 287.800.1.

■ To recover under section 287.120.8, a claimant must demonstrate "by objective standards and actual events" the amount of work stress endured was both "work related and was extraordinary and unusual." The claimant must also demonstrate that based on this work-related stress, he or she suffered a mental injury. *Id.* The Commission recognized section 287.120.8 required Employee to meet an objective standard for recovery, but it failed to apply the legal meaning of "objective."

An objective standard is "[a] legal standard that is based on conduct and perceptions external to a particular person." BLACK'S LAW DICTIONARY 1624 (10th ed. 2014). An objective standard contrasts with a subjective standard, which is defined as, "A legal standard that is peculiar to a particular person and based on the person's individual views and experiences." *Id.*

■ Here, Employee's testimony and her doctors' testimony regarding her work-related stress was relevant to show she sustained an injury and its cause. Yet, this testimony was insufficient to meet the statutorily required objective standard of proving Employee's stress was extraordinary and unusual. Section 287.120 "does not clearly set forth what objective standards should be used to discern the extraordinary and unusual nature of an employee's work-related psychological injury." 37 Mo. Prac., Employment Law & Practice sec. 10:16. However, it is clear that objective standards are well defined in our case law.

■ This Court long has held in tort cases, " 'The standard of conduct exacted by the law is an external and objective standard * * *,' and not the personal, individual, subjective standard of the actor involved." *Hodges v. Am. Bakeries, Co.*, 412 S.W.2d 157, 162 (Mo. banc 1967) (quoting *Dixon v. Gen. Grocery Co.*, 293 S.W.2d 415, 421 (Mo. 1956)). In malpractice cases, an expert opinion must be based on the "objective legal standard of care" rather than on the expert's "own undisclosed subjective conception." *Id.*; see also MAI 11.06 ("The term 'negligent' or 'negligence' as used in this [these] instruction[s] means the failure to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of defendant's profession").

Similarly, in negligence cases, a defendant's conduct is evaluated not by whether the defendant subjectively believed his or her conduct was appropriate, but rather based upon the care an ordinarily careful person would use under the same or similar circumstances. *See* MAI 11.02 ("The term 'negligent' or 'negligence' as used in this [these] instruction[s] means the failure to use that degree of care that an ordinarily careful person would use under the same or similar circumstances.").

⬛ Further, in cases involving unusual plaintiffs with specialized standards of care, the MAI provides additional guidance. MAI 11.04 states that when the plaintiff is a minor, the jury should be told, "The term 'negligent' or 'negligence' as used in this [these] instruction[s] with respect to [plaintiff] . . . means the failure to use that degree of care which an ordinarily careful [boy] [girl] of the same age, capacity and experience would use under the same or similar circumstances." Our cases apply this same standard in judging the standard of care for children as compared to other similarly situated children. *See, e.g., Lester v. Sayles,* 850 S.W.2d 858, 867 (Mo. banc 1993) (finding the standard of care in crossing street is determined "in relation to the expectations held for other children in the same or similar circumstances"); *Root By & Through Root v. Mudd,* 981 S.W.2d 651, 654 (Mo. App. W.D. 1998) (finding child bicyclist would be judged by "the care that a 'very careful child' of 'the same age, capacity and experience' would use under the same or similar circumstances"). The requirement that the jury find how a person would act—"under the same or similar circumstances"—is of key importance in Employee's case, where the statute requires the Commission to determine objectively whether Employee's stress was "extraordinary and unusual."

⬛ Accordingly, the objective standard for determining whether Employee's stress was compensable is whether the same or similar actual work events would cause a reasonable highway worker extraordinary and unusual stress. Such evidence might be introduced through the testimony of other highway workers as to the circumstances that are experienced as part of the job in general, but individualized, subjective reactions to those circumstances are irrelevant. Employee need not show the subjective experiences of her fellow workers were not as severe as her experiences, but rather, she must demonstrate the actual events she experienced were such that a reasonable highway worker would experience extraordinary and unusual stress.

There may be multiple approaches to meet this objective standard, which may vary from case to case. Most commonly, a claimant will meet this standard by comparing the claimant's level of stress with the level of stress faced by other employees in the same profession. *See Schaffer v. Litton Interconnect Tech.,* 274 S.W.3d 597, 601 (Mo. App. S.D. 2009) (finding a claimant must compare the level of work-related stress with other employees in similar positions to meet an objective standard) and *Carnal v. Pride Cleaners,* 138 S.W.3d 155, 158 (Mo. App. W.D. 2004) (same).

The evidence submitted showed actual work events Employee experienced exposed her to stress. Yet, Employee also needed to present evidence the actual work events comprising the "same or similar conditions" would have caused extraordinary and unusual stress to a reasonable highway worker. It was then up to the Commission to evaluate this evidence.

⬛ There was no evidence presented in this case that Employee's work-related stress was objectively "extraordi-

nary and unusual" as statutorily required.[2] Employee undoubtedly found her employment to be extremely stressful. Yet, an award of workers' compensation benefits must be based upon what Employee can objectively prove, which is not merely what she subjectively thought and felt. Given the confusion as to the appropriate test for meeting the statutory objective standard for proof of extraordinary and unusual work-related stress, it is unclear whether Employee would have been able to present evidence sufficient to meet the statutory requirements.

## Conclusion

The Commission failed to apply the proper objective standard when reviewing Employee's claim. Accordingly, the Commission's award is vacated, and the cause is remanded for a proper review of Employee's claim.

All concur.

---

2. An examination of section 287.120 in its entirety further supports this result. Section 287.120.10 provides, "The ability of a firefighter to receive benefits for psychological stress under section 287.067 shall not be diminished by the provisions of subsections 8 and 9 of this section." *See Byous v. Mo. Local Gov't Emps. Ret. Sys. Bd. of Trustees*, 157 S.W.3d 740, 756 n.1 (Mo. App. W.D. 2005) (Smart, J., concurring in part and dissenting in part) (noting the legislature's exception for firefighters in section 287.120.10 could be "because the legislature believed stress is such a regular matter for firefighters that it would be difficult to show that stress was of an 'extraordinary and unusual' degree for those in that occupation"). If claimants were not required to demonstrate unusual and extraordinary stress by an objective standard, there would be no need to create an exception for firefighters in section 287.120.10. The legislature made a clear exception for firefighters seeking workers' compensation benefits that was not provided to any other class of claimants. "When interpreting statutes, courts do not presume that the legislature has enacted a meaningless provision." *State ex rel. Nothum v. Walsh*, 380 S.W.3d 557, 576 (Mo. banc 2012) (quoting *Edwards v. Gerstein*, 237 S.W.3d 580, 581 (Mo. banc 2007)). Allowing only subjective evidence to meet the objective standard announced in section 287.120.8 would render the firefighter exception in 287.120.10 meaningless.