

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| MISSOURI DEPARTMENT OF TRANSPORTATION, | ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | WD82835 |
| THE LABOR AND INDUSTRIAL RELATIONS COMMISSION, | ) ) ) ) | Opinion filed: April 21, 2020 |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI
THE HONORABLE JON E. BEETEM, JUDGE**

Division Four: Karen King Mitchell, Chief Judge,
Edward R. Ardini, Jr., Judge and Thomas N. Chapman, Judge

The Missouri Department of Transportation ("MoDOT") appeals the quashing of a preliminary writ of prohibition by the Circuit Court of Cole County. MoDOT had sought a writ prohibiting the Labor and Industrial Relations Commission ("Commission") from accepting or considering additional evidence in a workers' compensation case or, in the alternative, directing the Commission not to exceed the Missouri Supreme Court's mandate in *Mantia v. Mo. Dep't of Transp.*, 529 S.W.3d 804 (Mo. banc 2017). Finding no error, we affirm.

## Factual and Procedural Background

This matter arose from a workers' compensation claim filed with the Missouri Division of Workers' Compensation. In 2008, Linda Mantia ("Employee"), who had worked for MoDOT for

more than twenty years, filed a workers' compensation claim seeking benefits for mental injury resulting from work-related stress arising out of and in the course of her employment.[1] Both Employee and MoDOT presented expert medical testimony, and both experts concluded that Employee's psychiatric injury was caused by her employment.

In 2014, an administrative law judge ("ALJ") denied workers' compensation benefits to Employee, finding that Employee had failed to prove that she had been exposed to extraordinary and unusual work-related stress through her employment with MoDOT as required by section 287.120.8, RSMo.[2] Employee appealed the ALJ's decision to the Commission, which reversed and awarded compensation, finding that "the stress employee experienced was extraordinary and unusual for purposes of § 287.120.8, and that her mental injury arose out of and in the course of the employment." MoDOT appealed. The Missouri Supreme Court accepted transfer of the case and issued its decision on September 12, 2017. *See Mantia v. Mo. Dep't of Transp.*, 529 S.W.3d 804 (Mo. banc 2017).

The Supreme Court found that the Commission had "failed to apply the proper objective standard when reviewing Employee's claim." *Id*. at 811. The Court explained that "the objective standard for determining whether Employee's stress was compensable is whether the same or similar actual work events would cause a reasonable highway worker extraordinary and unusual stress." *Id*. at 810. The Court continued:

> Such evidence might be introduced through the testimony of other highway workers as to the circumstances that are experienced as part of the job in general, but individualized, subjective reactions to those circumstances are irrelevant.

---

[1] The source of Employee's alleged mental injury was stress associated with her work at numerous traffic accident scenes during her tenure with MoDOT.

[2] Statutory references are to the Missouri Revised Statutes, updated through the 2008 supplement.

Section 287.120.8, RSMo states: "Mental injury resulting from work-related stress does not arise out of and in the course of the employment, unless it is demonstrated that the stress is work related and was extraordinary and unusual. The amount of work stress shall be measured by objective standards and actual events."

Employee need not show the subjective experiences of her fellow workers were not as severe as her experiences, but rather, she must demonstrate the actual events she experienced were such that a reasonable highway worker would experience extraordinary and unusual stress. . . .

There was no evidence presented in this case that Employee's work-related stress was objectively "extraordinary and unusual" as statutorily required. . . . Given the confusion as to the appropriate test for meeting the statutory objective standard for proof of extraordinary and unusual work-related stress, it is unclear whether Employee would have been able to present evidence sufficient to meet the statutory requirements.

*Id.* at 810-11. The Supreme Court vacated the award of compensation and remanded the case to the Commission for "a proper review of Employee's claim." *Id.* at 811. The Court's mandate stated that the Commission's award "be vacated and the said cause be remanded to the said Labor and Industrial Relations Commission for further proceedings to be had therein, in conformity with the opinion of this Court herein delivered."

Following the remand, Employee filed a "Motion to Submit Additional Evidence" with the Commission, pursuant to 8 CSR 20-3.030(2),[3] arguing that the Supreme Court's decision announced a new standard applicable to work-related mental injury claims under section 287.120.8, and that Employee could not have known of the necessity of producing evidence to meet that standard during the original proceedings. The Commission agreed, finding that "employee could not have presented, with the exercise of reasonable diligence, evidence sufficient to satisfy an evidentiary burden that was, at the time of the March 25, 2014, hearing before the administrative law judge, unknown." The Commission remanded the case to the ALJ to "hold an

---

[3] 8 CSR 20-3.030(2) states, in relevant part, that "[t]he hearing of additional evidence by the commission shall not be granted except upon the ground of newly discovered evidence which with reasonable diligence could not have been produced at the hearing before the administrative law judge."

evidentiary hearing to permit employee the opportunity to advance the additional evidence identified in her Motion."[4]

MoDOT filed a petition for writ of prohibition or, in the alternative, mandamus in the Eastern District of this Court seeking to prevent the Commission from permitting Employee to present additional evidence, arguing that allowing additional evidence went beyond the Supreme Court's mandate in *Mantia*. The Eastern District, finding it lacked jurisdiction,[5] transferred the writ petition to this Court which denied relief. MoDOT thereafter sought the same writ from the Missouri Supreme Court, which was also denied.

MoDOT subsequently initiated this writ proceeding in the Circuit Court of Cole County, again asserting the arguments included in its prior writ filings that had been rejected by both this Court and the Missouri Supreme Court. The circuit court entered a preliminary writ of prohibition against the Commission. Later, after hearing argument from the parties, the circuit court quashed the preliminary writ and denied permanent relief, finding that "[t]he Commission clearly had the discretion to re-open the record for new evidence and this Court finds it did not abuse such discretion[;]" and "[MoDOT] did not establish a clear right to an order denying the re-opening of the record." MoDOT appeals.

## Discussion

MoDOT raises a single point on appeal alleging the circuit court abused its discretion by quashing the preliminary writ, arguing that "the September 12, 2017 order of the Supreme Court of Missouri limited the scope of the remand to the [Commission], in that the [Commission] was

---

[4] The Commission's remand further allowed MoDOT and the Second Injury Fund to offer additional rebuttal evidence.

[5] The Eastern District noted that "[b]ecause the Commission is located within the Western District of the Missouri Court of Appeals, this Petition lies within the jurisdiction of the Western District in accordance with Article V, section 11 of the Missouri Constitution."

ordered to perform a 'proper review' of the claim rather than reopen the evidence in the claim and have a new hearing."

### Standard of Review

"'Although denials of writ applications are generally not appealable, when a preliminary writ has been issued by the circuit court, and the preliminary writ is then quashed by the court, the order quashing the writ is generally an appealable final judgment.'" *State ex rel. Lavender Farms, LLC v. Ashcroft*, 558 S.W.3d 88, 90 (Mo. App. W.D. 2018) (quoting *State ex rel. Rosenberg v. Jarrett*, 233 S.W.3d 757, 761 (Mo. App. W.D. 2007)). Our review of the denial of a permanent writ is for an abuse of discretion. *Clarkson Const. Co. v. Warren*, 586 S.W.3d 297, 301 (Mo. App. W.D. 2019) (citation omitted).

### Analysis

The scope of the Supreme Court's mandate in *Mantia* is the central question to be resolved in this appeal. MoDOT argues that the Supreme Court's direction that the Commission perform "a proper review of Employee's claim" was limited to a review of whether Employee's previously submitted evidence met the objective standard announced in *Mantia* and did not allow the Commission to reopen the evidence. We disagree.

"Generally speaking, '[a] mandate of an appellate court serves the purpose of communicating its judgment to a lower court.'"[6] *Bird v. Mo. Bd. for Architects, Prof. Engineers, Prof. Land Surveyors and Landscape Architects*, 309 S.W.3d 855, 859-60 (Mo. App. W.D. 2010) (quoting *Moore v. Beck*, 730 S.W.2d 538, 540 (Mo. banc 1987) (additional quotation and citation

---

[6] "There are two types of remands: (1) a general remand, which does not provide specific direction and leaves all issues open to consideration in the new trial; and (2) a remand with directions, which requires the trial court to enter a judgment in conformity with the mandate." *Smith v. Brown & Williamson Tobacco Corp.,* 410 S.W.3d 623, 633 (Mo. banc 2013) (citation omitted). "Proceedings that are contrary to the directions of the mandate are unauthorized and unenforceable." *Pope v. Ray*, 298 S.W.3d 53, 57 (Mo. App. W.D. 2009) (citation omitted).

omitted)). "The opinion is part of the mandate and must be used in interpreting the mandate." *Pope v. Ray*, 298 S.W.3d 53, 57 (Mo. App. W.D. 2009) (quoting *Frost v. Liberty Mut. Ins. Co.*, 813 S.W.2d 302, 305 (Mo. banc 1991)). "Thus, we look to the opinion and any directions contained therein in interpreting and applying the mandate." *Id.* (citation omitted).

Here, the Supreme Court's mandate stated that the Commission's award "be vacated and the said cause be remanded to the said Labor and Industrial Relations Commission for further proceedings to be had therein, in conformity with the opinion of this Court herein delivered." As explained in the *Mantia* opinion, the remand was "for a proper review of Employee's claim" made necessary because "[t]he Commission [had] failed to apply the proper objective standard when reviewing Employee's claim." 529 S.W.3d at 811.

MoDOT assigns a narrow construction to the phrase "for a proper review of Employee's claim" arguing that "[t]he Supreme Court declined a broader remand of this matter to reopen the record, take additional evidence, and, essentially, fully retry the case." Notably, the *Mantia* opinion and associated mandate make no such pronouncement. Nonetheless, MoDOT seeks support by highlighting the Court's statement in its opinion that "there was no evidence presented in this case that Employee's work-related stress was objectively 'extraordinary and unusual as statutorily required[']" under the standard announced in *Mantia*. 529 S.W.3d at 810-11. This is indeed accurate and, in fact, the Court noted on several occasions that Employee had failed to present sufficient evidence in the original proceedings to meet this statutory requirement. However, MoDOT misconstrues the significance of this finding, as the Court's repeated recognition that Employee had not satisfied her evidentiary burden does not aid MoDOT's position but rather fatally undermines it. Indeed, by finding the evidence presented in the original proceeding was insufficient to support Employee's claim, there was no purpose in remanding to the Commission

to conduct "a proper review" of Employee's claim unless the Court intended its remand to include the opportunity for Employee to bring forward, to the extent available, additional evidence. By contrast, if the Court had intended the narrow remand urged by MoDOT, it would have simply directed the Commission to vacate its Final Award and deny Employee's claim – something the Court plainly did not do. Based on the foregoing, we interpret the Court's remand in *Mantia* as allowing the Commission the discretion to accept additional evidence supporting the now-clarified objective standard for establishing a claim for mental injury arising from work-related stress.[7]

Because the Supreme Court's mandate did not prohibit the Commission from permitting new evidence, the circuit court did not abuse its discretion in quashing the preliminary writ and denying permanent relief.

Point denied.

## Conclusion

The judgment of the circuit court is affirmed.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.

---

[7] To the extent MoDOT argues in its brief that the Commission could not accept the additional evidence because it did not satisfy the requirement in 8 CSR 20-3.030(2) that the evidence be "newly discovered," we decline to address this argument because it was not included in MoDOT's point relied on. *See Goodsell v. Noland*, 540 S.W.3d 394, 397 n.1 (Mo. App. W.D. 2018) (quotation and citation omitted) ("An argument that is not included within the points relied on is not preserved for appeal.").