

# Missouri Court of Appeals

## Southern District

### Division One

STEVEN A. SHIPLEY,                          )
                                            )
                    Appellant,              )
                                            )
        vs.                                 )
                                            )
STATE OF MISSOURI OFFICE OF                 )    No. SD36643
ADMINISTRATION, and TREASURER OF            )
MISSOURI AS CUSTODIAN OF THE                )    FILED: October 27, 2020
SECOND INJURY FUND,                         )
                                            )
                    Respondents.            )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

**<u>AFFIRMED</u>**

Appellant ("Claimant") unsuccessfully sought workers' compensation benefits on the theory that extraordinary workplace stress was the prevailing factor causing his nervous breakdown and subsequent stroke. None of his points on appeal require us to describe his workplace or medical difficulties beyond a few generalities.

### Background

Having trained as a Navy boiler technician, Claimant hired on with the state ("Employer") in 2001 as a maintenance engineer at a prison power plant. His history of conflicts there with subordinates, peers, superiors, and vendors culminated in a March 2010 incident where Claimant refused to timely turn off a boiler scheduled for repairs, got into shouting matches with his supervisor and subordinates, and left in his truck. He returned briefly the next day, but after calling the peer-action review

team,[1] he was taken to a nearby ER, then transported by ambulance to another hospital for psychiatric care.  He resigned in May 2010 and filed a claim for compensation shortly thereafter.  He suffered a stroke six months later and filed a second claim for that.

After an April 2019 hearing where fourteen lay and expert witnesses testified live or by deposition, an ALJ issued a 34-page opinion that thoroughly examined the documentary evidence and each witness's testimony, made express and sometimes detailed witness-credibility findings, and denied relief after concluding as follows:

- On the mental-health claim, Claimant did not meet his burden of proof that the actual events he described, alone or collectively, objectively rose to the level of extraordinary and unusual stress.[2]

- Claimant also "did not meet his burden of proof that his work-related stress was the prevailing factor in causing his stroke six months after he resigned from his employment."

- These findings mooted all other issues.

The Commission affirmed 2-1 via supplemental opinion that said one sentence of the ALJ's award was extraneous but did "not detract from his correct analysis of the evidence in the record or his ultimate legal conclusions."

Claimant now appeals, raising five points which we will address out of order.

## Principles of Review

"Here, we review the ALJ's findings and decision [except the extraneous sentence] because they were adopted by the Commission, and we defer to the ALJ's credibility determinations, weighing of evidence, and decisions between competing medical theories." *Proffer v. Fed. Mogul Corp.*, 341 S.W.3d 184, 187 (Mo.App.

---

[1] The peer-action review team is comprised of trained employees who assist co-workers with suicide prevention, grief support, and mediation of staff disputes.

[2] To prevail on this claim, Claimant had to demonstrate "'by objective standards and actual events' the amount of work stress endured was both 'work related and was extraordinary and unusual.'" *Mantia v. Missouri Dep't of Transp.*, 529 S.W.3d 804, 809 (Mo. banc 2017)(quoting RSMo § 287.120.8).  "Most commonly, a claimant will meet this standard by comparing the claimant's level of stress with the level of stress faced by other employees in the same profession." *Id*. at 810.

2011).[3]  "It was Claimant's burden to prove all elements of his claim."  ***Parvin v. Camcorp Envtl., LLC***, 597 S.W.3d 357, 360 (Mo.App. 2020).  This meant not just making a prima facie case, but convincing the fact-finder to view the facts as needed for Claimant to win.  ***Annayeva v. SAB of TSD of St. Louis***, 597 S.W.3d 196, 200 n.8 (Mo. banc 2020).

## Mental-Health Claim

### *Point 1*

To quote Claimant, "usually, the Commission is free to accept one expert's opinion over another.  But at some point, that discretion ends.  This case is one of those occasions when the commissions [sic] acceptance is so unreasonable that it must be overturned."

Although Claimant devotes far more space to this argument than to his other four points combined, it fails because "[i]t is well settled that weighing of conflicting medical testimony lies within the Commission's sole discretion and cannot be reviewed by this court.  We are bound, therefore, by the ALJ's decision as to which of the various medical experts to believe."  ***Parvin***, 597 S.W.3d at 362 (internal citations and punctuation omitted).  More recently, see ***Annayeva***, 597 S.W.3d at 200 n.8 (Commission credibility determinations "are binding on this Court").  Point 1 fails.

### *Point 3*

The ALJ considered § 287.120.8, ***Mantia***, and the circumstances as a whole in finding Claimant "did not meet his burden of proof that his mental injury arose out of and in the course of his employment," and specifically that Claimant "did not meet the objective standard for proof that he was exposed to extraordinary and unusual work stress compared to other power plant managers or other similarly situated employees."

Shorn of prolixity, Point 3 claims a lack of evidentiary support for these findings that Claimant failed his burden of proof.  Yet only factual findings needed to make an award *for Claimant* needed evidentiary support.  ***Beaman v. Lowe's Home Centers, Inc.***, 601 S.W.3d 330, 331 (Mo.App. 2020)(citing ***Annayeva***, 597 S.W.3d

---

[3] Thus we hereafter refer to the ALJ and the Commission interchangeably.

at 200 n.8). "This tracks a basic precept – no evidence is needed to find *against* the party who bore the burden of proof or to uphold that decision on appeal." *Id*. (our emphasis). Thus Point 3 also fails, and with it, all of Claimant's challenges to the denial of his mental-health claim.[4]

## Stroke Claim

### Point 5

We reject Point 5's assertion that the Commission's award clarification "was not sufficiently specific to make possible an intelligent judicial review …." We can readily understand the thorough and thoughtfully-written award. We also agree with the Commission that the few "extraneous" words did "not detract from [the ALJ's] correct analysis of the evidence in the record or his ultimate legal conclusions." Point denied.

### Point 4

In finding Claimant "did not meet his burden of proof" that work-related stress caused his stroke six months after he quit work, the ALJ expressly declared Claimant's expert's testimony *not* persuasive and his opinion *not* credible.

Point 4's challenges to these findings fail for reasons already noted. The credibility determinations bind us, so we must reject Claimant's arguments that his expert *was* credible. **Annayeva**, 597 S.W.3d at 200 n.8; **Parvin**, 597 S.W.3d at 362. As for an alleged paucity of evidence that Claimant had not carried his burden of proof, no such evidence was needed, **Beaman**, 601 S.W.3d at 331.

We deny Point 4 and affirm the Commission's award denying benefits.

DANIEL E. SCOTT, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS

---

[4] Point 3's failure moots Point 2's complaint that Claimant suffered a depressive disorder, not merely an adjustment disorder. Regardless of diagnosis, we have affirmed the award's finding that Claimant "did not meet his burden of proof that his mental injury arose out of and in the course of his employment."