

# In the Missouri Court of Appeals
# Eastern District

DIVISION FOUR

| | | |
|---|---|---|
| PAMELA MCCOY, | ) | No. ED1111299 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| v. | ) | |
| | ) | |
| MERIDIAN MEDICAL TECHNOLOGY, | ) | |
| NEW HAMPSHIRE INSURANCE CO., | ) | |
| AND MISSOURI STATE TREASURER, | ) | |
| AS CUSTODIAN OF SECOND INJURY | ) | |
| FUND, | ) | |
| | ) | |
| Respondents. | ) | Filed: September 26, 2023 |

Before Thomas C. Clark II, P.J., James M. Dowd, J., and John P. Torbitzky, J.

PER CURIAM.

Pamela McCoy appeals from the decision of the Labor and Industrial Relations Commission denying her claim for permanent total disability ("PTD") benefits from the Second Injury Fund ("the Fund"). The Commission's decision is affirmed.

**Factual and Procedural Background**

McCoy worked at Meridian Medical Technology ("Employer") assembling autoinjectors used to treat allergic reactions. Prior to the primary injury giving rise to this case, McCoy suffered from multiple health conditions, including morbid obesity, low back pain, asthma, ventral hernias, and pulmonary disease. In 2006, an administrative law judge ("ALJ") awarded McCoy workers'

compensation benefits for an occupational disease arising out of the course of her employment. The ALJ determined that McCoy sustained 17.5 percent permanent partial disability ("PPD") in her right wrist and 17.5 percent PPD in her left wrist. Employer was liable for those benefits.

McCoy continued working at Employer as an inspector. Her primary injury occurred in 2017, when she was diagnosed with "lateral epicondylitis" of the right elbow arising out of the course of her employment. McCoy filed a claim for benefits against the Fund, alleging her preexisting disabilities combined with her primary injury rendered her permanently and totally disabled. An ALJ held Employer liable for 10 percent PPD for McCoy's right elbow. The ALJ also found McCoy's preexisting disabilities and her body as a whole condition satisfied the first condition of section 287.220.3, RSMo 2016[1] and the Fund was liable for PTD benefits.

The Fund appealed to the Commission. The Commission adopted the ALJ's finding that Employer was liable for 10 percent PPD benefits for McCoy's right elbow injury. However, the Commission found the determination that McCoy was rendered permanently and totally disabled to be incorrect. The Commission specifically found McCoy's experts' opinions were not credible or persuasive. McCoy appeals.

### Standard of Review

This Court determines whether the Commission's decision is "supported by competent and substantial evidence upon the whole record." *Cosby v. Treasurer of Mo.*, 579 S.W.3d 202, 205 (Mo. banc 2019) (quoting Mo. Const art. V, sec. 18). "Although the [C]ommission's decision is afforded substantial deference, this Court must still 'examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, i.e., whether the award is contrary to the overwhelming weight of the evidence.'" *Malam v. State, Dep't of Corr.*,

---

[1] All further statutory references are to RSMo 2016.

492 S.W.3d 926, 928 (Mo. banc 2016) (quoting *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222-23 (Mo. banc 2003)).

The Commission's factual findings are conclusive and binding in the absence of fraud. Section 287.495.1. Additionally, this Court defers to the Commission's credibility determinations. *Weibrecht v. Treasurer of Mo.*, 659 S.W.3d 588, 592 (Mo. banc 2023). A decision and award may be modified, reversed, remanded for rehearing, or set aside upon finding:

(1) That the [C]ommission acted without or in excess of its powers;
(2) That the award was procured by fraud;
(3) That the facts found by the [C]ommission do not support the award;
(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

Section 287.495.1.

## Analysis

### *Bilateral carpel tunnel syndrome*

McCoy claims the Commission erred in classifying her bilateral carpel tunnel syndrome as a non-qualifying preexisting disability because that injury was sufficient to qualify under section 287.220.3(2)(a)a(ii). McCoy argues her preexisting bilateral carpel tunnel injury qualified as a compensable disability because it was a single work injury and resulted in 68.91 weeks of disability.

To make a compensable PTD claim, a claimant must meet two conditions. Section 287.220.3(2)(a)a. First, there must be at least one "medically documented preexisting disability equaling a minimum of fifty weeks of [PPD]." *Id*. Additionally, that preexisting disability must also meet one of four additional enumerated statutory criteria in section 287.220.3(2)(a)a(i)-(iv). Second, the claimant must "thereafter sustain[] a subsequent compensable work-related injury that,

when combined with the preexisting disability ... results in a permanent total disability ...." Section 287.220.3(2)(b).

When there are multiple disabilities in a compensation award, each preexisting disability must be evaluated individually to determine whether it satisfies the first condition of section 287.220.3(2)(a)a to be considered a qualifying preexisting disability. *Treasurer of Mo. v. Parker*, 622 S.W.3d 178, 182 (Mo. banc 2021); *Adams v. Treasurer of Mo.*, 662 S.W.3d 8, 21 (Mo. App. 2022). In her 2002 occupational disease claim, McCoy had a single claim, but suffered from two distinct disabilities. McCoy's injuries were assessed a 17.5 percent PPD of her right wrist and a 17.5 percent PPD of her left wrist. Accordingly, the disability on each wrist only reached the 30.625-week level. The award did not find she suffered from one single disability and there is no reason to deviate from that determination.

Because neither the right nor the left wrist disability reached 50 weeks of PPD, McCoy does not have a qualified preexisting disability as required by section 287.220.3(2)(a)a. The Commission did not err in denying her claim against the Fund.

*Expert Credibility*

McCoy asserts the Commission erred in finding that Dr. David T. Volarich and Mr. Timothy G. Lalk's opinions lacked credibility because their opinions were supported by competent and substantial evidence. McCoy's argument is at odds with our standard of review. This Court is required to defer to the Commission's credibility determinations. *Swafford v. Treasurer of Mo.*, 659 S.W.3d 580, 582 (Mo. banc 2023). The Commission "is free to believe some, all or none of any witness's testimony." *March v. Treasurer of Mo.*, 649 S.W.3d 293, 301 (Mo. banc 2022) (quoting *Dierks v. Kraft Foods*, 471 S.W.3d 726, 737 (Mo. App. 2015)).

McCoy presents no argument advocating a departure from this Court's standard of review. Rather, McCoy's argument focuses on attempting to undermine the stated bases for the Commission's credibility determinations. Based on our standard of review, we decline McCoy's invitation to nitpick the reasons the Commission set forth for determining that the experts were neither credible nor persuasive. It is apparent that the Commission did not believe the testimony of the experts and we defer to that determination. The Commission did not err in making its credibility determinations.

*Disability to the body as a whole*

McCoy next asserts that the Commission erred in determining her body as a whole disability was a non-qualifying preexisting disability. McCoy points to Dr. Volarich's testimony that McCoy's obesity is the cause of multiple factors rendering her PPD as to 65 percent of the body as a whole.[2] McCoy notes that the Fund and the employer did not question Dr. Volarich's methodology in preparing McCoy's diagnoses and rating, and reasons that, as a result, the Commission was required to accept Dr. Volarich's opinion.

Additionally, McCoy argues that, because the Fund did not introduce its own expert testimony no competent and substantial evidence supports the Commission's finding. However, the Fund does not have the burden of proof and is not obligated to contradict a claimant's evidence to prevail. *Poarch v. Treasurer of Mo. – Custodian of Second Injury Fund*, 365 S.W.3d 638, 642 (Mo. App. 2012); *Hazeltine v. Second Injury Fund*, 591 S.W.3d 45, 63 (Mo. App. 2019). Moreover, as already discussed, the Commission may believe some, all, or none of a witness's testimony. *March*, 649 S.W.3d at 301.

---

[2] This rating is equal to 260 weeks.

Here, the Commission stated that Dr. Volarich's was neither persuasive nor credible. As a result, there was no credible expert testimony to support McCoy's claims regarding her body as a whole disability. The Commission was not required to believe testimony from Dr. Volarich simply because the Fund did not present a countervailing expert. Therefore, the Commission did not err in finding that McCoy's body as a whole disability was not a qualifying preexisting disability.

*Weight of the evidence*

McCoy next argues that the Commission's determination that she was not entitled to PTD benefits from the Fund is against the overwhelming weight of the evidence. McCoy asserts that her primary work injury, when combined with her preexisting injury and obesity, renders her PTD and unemployable.

McCoy's argument is premised on the assumption that her preexisting wrist disabilities and obesity are qualifying disabilities under section 287.220.3(2)(a)a. However, the Commission found none of McCoy's "medically documented preexisting disability equal[ed] a minimum of fifty weeks of [PPD] compensation." Section 287.220.3(2)(a)a. Because McCoy failed to demonstrate any preexisting disability met the minimum PPD level, her claim for PTD fails and there is no need to determine whether any of her preexisting disabilities met criteria listed in section 287.220.3(2)(a)a(i)-(iv).

*Employer liability*

Finally, McCoy argues that the Commission erred in failing to address whether Employer is liable for PTD benefits in the absence of the Fund's liability. McCoy states the Commission never modified the ALJ's determination she was PTD. McCoy argues there is overwhelming evidence she is PTD following her April 2017 work injury and, if the Fund is not liable for her PTD, Employer should be. McCoy supports her assertion she is PTD with the facts of her medical

6

history and the opinions of Dr. Volarich and Mr. Lalk. McCoy's primary injury was assessed at ten percent PPD of her right elbow. The Commission's decision specifically found the ALJ's determination of Fund liability for PTD to be incorrect. Further, the Commission stated Dr. Volarich's and Mr. Lalk's opinions were neither credible nor persuasive. This Court will not disregard its standard of review. Without Dr. Volarich's and Mr. Lalk's opinions, McCoy is unable to prove she is PTD. Therefore, the Commission did not err when it assigned Employer liability only for the ten percent PPD.

## Conclusion

For the foregoing reasons, we affirm the Commission's decision.