

# SUPREME COURT OF MISSOURI
## en banc

St. Louis County, Missouri, et al.,    )
                                       )
                      Appellants,      )
                                       )
vs.                                    )      No. SC93439
                                       )
State of Missouri, et al.,             )
                                       )
                      Respondents.     )

Appeal from the Circuit Court of Cole County
Honorable Patricia S. Joyce, Judge

*Opinion issued March 25, 2014*

St. Louis County, the county superintendent of police, the county sheriff, a deputy police officer, a deputy sheriff and a county transportation officer (collectively "Plaintiffs") filed a four-count petition seeking a declaration that the deputy sheriff salary supplementation fund established by section 57.278 is unconstitutional and improperly administered.[1] The circuit court dismissed the petition on grounds that the Plaintiffs lacked standing and that the suit was barred by sovereign immunity. The judgment is reversed to the extent it dismisses Count IV on grounds that the superintendent of police lacks standing and that his claim is barred by sovereign immunity. The remainder of the judgment is affirmed. The case is remanded.

---

[1] All statutory citations are to RSMo Supp. 2013.

FACTS

Section 57.278 establishes the deputy sheriff salary supplementation fund and requires county sheriffs to collect a $10 service of process fee. The sheriffs remit the fee to the fund. County sheriffs can file a grant application with the Missouri Sheriff Methamphetamine Relief Task Force (MoSMART) to obtain a grant from the fund to supplement "salaries and benefits of county deputy sheriffs." Section 650.350.8.

The county superintendent of police submitted an application seeking a grant from the fund. MoSMART denied the superintendent's application on grounds that "the application was not submitted by the Sheriff of St. Louis County as required by the qualifications of the Deputy Sheriff Salary Supplementation Fund."

Plaintiffs filed a petition for declaratory judgment. Count I alleged that section 57.278.1 constitutes an improper delegation of legislative authority in violation of article III, section 1 of the Missouri Constitution. Count II alleged that the statute violates article IV, section 51 because the members of the MoSMART board were not appointed with the advice and consent of the senate. Count III alleged that the criteria for assessing grant applications have not been properly promulgated as a rule. Count IV alleged that MoSMART's rejection of the grant application was unlawful, unreasonable, arbitrary and an abuse of discretion. The Plaintiffs allege that to obtain service on the state in this case, they had to collect and remit the $10 fee imposed by section 57.278. Plaintiffs also allege that deputies and the transportation officer have an interest in obtaining salary supplementation from the fund. The circuit court dismissed the case on grounds that

none of the plaintiffs had standing and that all claims were barred by sovereign immunity. Plaintiffs appeal.

## STANDARD OF REVIEW

A judgment dismissing a cause of action for lack of standing is subject to de novo review. *Mo. State Med. Ass'n v. State*, 256 S.W.3d 85, 87 (Mo. banc 2008). An appellate court assumes that all of the facts alleged in the plaintiffs' petition are true. *Foster v. State*, 352 S.W.3d 357, 359 (Mo. banc 2011).

## ANALYSIS

Litigation of a claim requires plaintiffs to show that they have standing by demonstrating a personal interest in the litigation arising from a "threatened or actual injury." *Roberts v. BJC Health System*, 391 S.W.3d 433, 438 (Mo. banc 2013)(quoting *State ex rel. Williams v. Mauer*, 722 S.W.2d 296, 298 (Mo. banc 1986)). In a declaratory judgment, the criterion for standing is whether the plaintiff has a legally protectable interest at stake. *Battlefield Fire Protection District v. City of Springfield*, 941 S.W.2d 491, 492 (Mo. banc 1997). A legally protectable interest exists if the plaintiff is directly and adversely affected by the action in question or if the plaintiff's interest is conferred by statute. *Id.* Although standing can be based on an interest that is "attenuated, slight or remote," in all cases there must be a showing of an actual personal interest or stake in the outcome of the litigation. *Roberts*, 391 S.W.3d at 438. The requirement of a personal stake in the outcome of the litigation means that the remedy sought must relate to the alleged injury. If the plaintiff's grounds for relief and remedy sought cannot alleviate the alleged injury, then, by necessity, the litigation cannot vindicate the plaintiff's alleged

3

personal interest or stake in the outcome of the litigation. If that is the case, then the plaintiff has no standing to bring the claims he or she alleges.

## I. Counts I-II

In Counts I and II, Plaintiffs asserted that section 57.278 is unconstitutional and requested the circuit court to enjoin any expenditures from the fund except as specifically authorized by the court. In the petition, Plaintiffs alleged interests in receiving grant money and in not having to collect and remit the $10 service fee to the fund to file the instant lawsuit. Neither alleged interest is sufficient to confer standing to bring these claims.

The alleged interest in receiving grant money does not constitute a "legally protectable" interest sufficient to confer standing to challenge the constitutionality of section 57.278. None of the Plaintiffs has any right to a grant of money from the fund. By definition, grants from the fund are discretionary expenditures determined by MoSMART. Plaintiffs are interested in obtaining grant money, but they have no legally protectable interest in the receipt of discretionary grant money. At most, the superintendent, as the grant applicant, has an interest in a non-arbitrary consideration of the grant application. Counts I and II, however, assert only that that section 57.278 is an unconstitutional delegation of legislative authority and that the MoSMART board was appointed improperly and has no authority to act. Nothing in either count would vindicate that interest.

The alleged interest stemming from collecting and remitting the $10 service fee to the fund to file the instant lawsuit is also insufficient to confer standing. Plaintiffs allege

4

no grounds challenging the validity of the $10 fee collected as part of the filing fees for initiating this lawsuit. Even if Plaintiffs prevailed on their claim that section 57.278 is unconstitutional, the $10 fee mandated by section 650.350 still would be collected and remitted to the fund. As such, no Plaintiff has alleged any legally protectable interest that can be vindicated by a declaration that section 57.278 is unconstitutional as alleged in Counts I and II. The circuit court properly dismissed Counts I and II for lack of standing.

## II. Count III

In Count III, Plaintiffs alleged that the criteria for assessing grant applications have not been promulgated properly as a rule. Plaintiffs requested that the circuit court enjoin the state from expending money from the fund and to declare that the criteria it uses absent a rule are invalid. Assuming for the sake of argument that the grant criteria are rules that were not promulgated properly, a declaration that the criteria should be promulgated as rules would do nothing to remedy either the denial of the grant application or remitting the $10 fee to initiate the underlying lawsuit. As with Counts I and II, the allegations in Count III do not redress the alleged injury from denial of the grant application or from remitting the $10 fee. The circuit court did not err in dismissing Count III for lack of standing.[2]

---

[2] Having determined that the circuit court properly dismissed Counts I, II and III, there is no need to discuss the circuit court's sovereign immunity analysis with respect to these claims.

III. Count IV

In Count IV, Plaintiffs alleged that MoSMART's rejection of the grant application was unlawful, unreasonable, arbitrary and an abuse of discretion. The superintendent is the only Plaintiff who could have standing to challenge MoSMART's rejection of the grant application under Count IV. The police and sheriff deputies, the transportation officer, and the county sheriff did not apply for the grant and do not allege that they will apply or could apply. Accordingly, the circuit court determined correctly that these Plaintiffs have no standing to challenge the denial of the grant application. The superintendent, however, does allege a legally protectable interest that confers standing to challenge denial of the grant application under Count IV. Under the facts of this case, the superintendent has a legal interest in obtaining judicial review of whether he is a county sheriff who is eligible to file a grant application. If the superintendent is in fact a "sheriff" eligible to file a grant application, an issue on which this Court takes no position, then the trial court could remand the matter back to MoSMART for further consideration of the grant application. The circuit court erred in dismissing Count IV with respect to the superintendent.[3]

---

[3] Section 536.150, which authorizes administrative review in this case, operates as a waiver of sovereign immunity because the statute permits judicial review and reversal of state administrative decisions involving entitlement to state funds.

The judgment is reversed only to the extent that it holds that the superintendent has no standing under Count IV and that his claim is barred by sovereign immunity. In all other respects, the judgment is affirmed. The case is remanded.

_____

Richard B. Teitelman, Judge

All concur.