SUPREME COURT OF MISSOURI
 en banc
DAVEN FOWLER, ET AL., ) Opinion issued June 1, 2021
 )
 Appellants/Cross-Respondents, )
 )
v. ) No. SC98484
 )
MISSOURI SHERIFFS' RETIREMENT )
SYSTEM, )
 )
 Respondent/Cross-Appellant. )

 APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
 The Honorable Kevin D. Harrell, Judge

 Daven Fowler and Jerry Keller appeal the circuit court's dismissal of their lawsuit

against the Missouri Sheriffs' Retirement System ("MSRS"). MSRS cross-appeals.

Because the municipal court clerks are not necessary and indispensable parties, and the

statute authorizing the $3 surcharge, § 57.955, 1 violates article I, § 14 of the Missouri

Constitution, the circuit court's judgment is vacated and remanded.

1
 All statutory references are to RSMo 2016 unless otherwise provided.
 Factual Background and Procedural History

 The General Assembly enacted § 57.955 in 1983. At enactment, the statute

provided in pertinent part:

 After the effective date of the establishment of the system, in addition to all
 other legal costs in each civil suit, action, case and all other proceedings of a
 civil nature filed in each circuit court and the divisions[2] thereof, except the
 juvenile divisions, in a county there shall be assessed and collected in the
 same manner as other civil court costs are collected a sum of three dollars
 and in all criminal cases a sum of two dollars, but no such costs shall be
 assessed when the costs are to be paid by the state for indigent defendants.
 The clerk, or other official responsible for collecting court costs in civil and
 criminal cases, shall collect such amounts and shall remit them monthly to
 the board for deposit in the sheriffs' retirement fund.

§ 57.955.1, RSMo Supp. 1983. From its enactment until 1997, the statute did not require

municipal courts to collect either the $3 or the $2 surcharge. 3

 In 1997, the General Assembly amended the statute to its current version, which

provides:

 There shall be assessed and collected a surcharge of three dollars in all civil
 actions filed in the courts of this state and in all criminal cases including
 violation of any county ordinance or any violation of criminal or traffic laws
 of this state, including infractions, but no such surcharge shall be assessed
 when the costs are waived or are to be paid by the state, county or
 municipality or when a criminal proceeding or the defendant has been
 dismissed by the court. For purposes of this section, the term "county
 ordinance" shall not include any ordinance of the city of St. Louis. The clerk
 responsible for collecting court costs in civil and criminal cases, shall collect
 and disburse such amounts as provided by sections 488.010 to 488.020. Such
 funds shall be payable to the sheriffs' retirement fund. Moneys credited to the
 sheriffs' retirement fund shall be used only for the purposes provided for in
 sections 57.949 to 57.997 and for no other purpose.

2
 Municipal courts, as they are commonly called, are divisions of the circuit court. State v. Severe,
307 S.W.3d 640, 643 n.6 (Mo. banc 2010) (citing Mo. Const. art. V, §§ 23, 27).
3
 The General Assembly amended the statute in 1984 to exclude municipal courts from collecting
the surcharges. See § 57.955.1, RSMo Supp. 1984.
 2
§ 57.955.1 (emphasis in statute). The municipal court clerks ("the clerks") assess and

collect the surcharge and then remit collected surcharges to the Missouri Sheriffs'

Retirement Fund ("the Fund"). The Fund pays its benefits to retired elected county sheriffs

and their spouses, but only if the elected sheriff served in that capacity for at least eight

years.

 In May 2017, Daven Fowler and Jerry Keller received speeding tickets in Kansas

City. Both men hired the same attorney and resolved their cases by pleading guilty and

paying court costs totaling $223.50 to the Kansas City municipal court. Three dollars of

the total costs was the surcharge authorized by § 57.955. Neither Fowler nor Keller knew

they were paying the $3 surcharge. After discussions with their attorney, Fowler and Keller

believed the surcharge was unconstitutional, and both men agreed to become class

representatives for all Kansas City municipal court litigants who had paid the surcharge.

 Fowler and Keller, on behalf of a putative class, sued MSRS in the Jackson County

circuit court. As germane to this case, the petition alleged one count of unjust enrichment

and asserted the surcharge violated article I, § 14 of the Missouri Constitution. The case

proceeded to a bench trial. After the close of all the evidence, the circuit court dismissed

this case, 4 concluding Fowler and Keller had failed to join the clerks responsible for

assessing, collecting, and remitting the surcharge as necessary and indispensable parties.

4
 The circuit court rejected MSRS' arguments that the plaintiffs did not have standing, waived their
constitutional challenge by failing to raise it with the municipal court, waived their unjust
enrichment claim under the "voluntary payment doctrine," and that MSRS' reception of surcharge
funds was nothing more than passive acquiescence.
 3
Despite this conclusion, the circuit court addressed the constitutional challenge and

concluded § 57.955 did not violate article I, § 14 of the Missouri Constitution.

 Fowler and Keller appealed, and MSRS cross-appealed. This Court has exclusive

appellate jurisdiction over the appeal because Fowler and Keller challenge the

constitutional validity of § 57.955. Mo. Const. art. V, § 3; Mo. State Conf. of NAACP v.

State, 601 S.W.3d 241, 244 (Mo. banc 2020).

 Analysis

 I.

 MSRS' Threshold Arguments

 MSRS raises several arguments, which, if accepted, would prevent this Court from

reaching the merits. Namely, MSRS argues: (1) Fowler and Keller do not have standing;

(2) Fowler and Keller waived their constitutional claim by failing to raise it with the

municipal court; (3) the "voluntary payment doctrine" bars Fowler and Keller's unjust

enrichment claim; and (4) Fowler and Keller's unjust enrichment claim fails as a matter of

law because MSRS' reception of funds was nothing more than "passive acquiescence." All

of these arguments fail.

 A.

 Fowler and Keller Have Standing

 MSRS argues Fowler and Keller do not have standing because their attorney

originally paid the court costs (including the surcharge) on their behalf. "This Court

reviews the issue of standing de novo." Mo. Coal. for Env't v. State, 579 S.W.3d 924, 926

(Mo. banc 2019). "Standing. . . requires a petitioner to demonstrate a personal stake in the

 4
outcome of the litigation, meaning a pecuniary or personal interest directly at issue and

subject to immediate or prospective consequential relief." Id. (internal quotation marks

omitted).

 It was established that Fowler and Keller's attorney originally paid their respective

court costs to the municipal court. However, both Fowler and Keller testified they

reimbursed their attorney for the court costs. 5 It is of no consequence that the attorney

originally paid the court costs. Fowler and Keller reimbursed their attorney and, therefore,

have a pecuniary interest. Their petition seeks a refund or reimbursement of the surcharge.

Fowler and Keller have standing.

 B.

 Fowler and Keller Did Not Waive Their Constitutional Claim

 MSRS argues Fowler and Keller waived their constitutional claim because they

failed to raise the same with the municipal court. Fowler and Keller do not dispute they

failed to present their constitutional challenge to the municipal court, but disagree they

waived the claim. Because the parties do not dispute the facts related to the issue of waiver,

it is a question of law this Court reviews de novo. Hay v. Bankers' Life Co., 231 S.W.

1035, 1037 (Mo. App. 1921) ("[W]aiver is generally a question of fact . . . yet where the

facts and circumstances relating to the subject are admitted or clearly established, waiver

becomes a question of law."); see also Malam v. State, Dep't of Corr., 492 S.W.3d 926,

928 (Mo. banc 2016) ("Questions of law are reviewed de novo.").

5
 Keller paid the attorney back directly while Fowler's mother originally reimbursed the attorney.
Fowler testified he paid his mother back for the reimbursement.
 5
 Generally, to properly raise and preserve a constitutional challenge, a party must:

 (1) raise the constitutional question at the first available opportunity;
 (2) designate specifically the constitutional provision claimed to have
 been violated, such as by explicit reference to the article and section or
 by quotation of the provision itself; (3) state the facts showing the
 violation; and (4) preserve the constitutional question throughout for
 appellate review.

United C.O.D. v. State, 150 S.W.3d 311, 313 (Mo. banc 2004). However, this Court has

recognized an exception to the general rule as it pertains to municipal courts, that is, "failure

to raise constitutional questions in municipal court is not considered a waiver of the same."

State ex rel. Kansas City v. Meyers, 513 S.W.2d 414, 418 (Mo. banc 1974); City of

Ferguson v. Nelson, 438 S.W.2d 249, 252 (Mo. 1969). Because Fowler and Keller were

not required to present their constitutional challenge to the municipal court, and because

they have otherwise sufficiently raised and preserved the issue, they did not waive their

claim that § 57.955 violates article I, § 14 of the Missouri Constitution.

 C.

 MSRS' Remaining Arguments Not Preserved

 MSRS' remaining point relied on provides: "THE CIRCUIT COURT ERRED IN

REJECTING [MSRS'] VOLUNTARY PAYMENT AND PASSIVE

ACQUIESCENCE DEFENSES." This point relied on fails to comply with Rule 84.04(d)

in that it fails to concisely state the legal reasons for MSRS' claims of error and fails to

explain how those legal reasons, in the context of the case at hand, support MSRS' stated

claims of error. Rule 84.04(d)(1)(B)-(C). Furthermore, the point relied on is multifarious

in violation of Rule 84.04 because it groups together multiple, independent claims.

 6
Macke v. Patton, 591 S.W.3d 865, 869 (Mo. banc 2019). Because Rule 84.04's

requirements are mandatory, MSRS' noncompliant point relied on fails to preserve either

argument for this Court's review. Id.; see also Storey v. State, 175 S.W.3d 116, 126 (Mo.

banc 2005).

 II.

 Municipal Court Clerks Are Not Necessary Parties

 Turning to the merits of Fowler and Keller's appeal, they first argue the circuit court

erred in dismissing their petition for failing to include the clerks as necessary and

indispensable parties. "This Court applies de novo review to a judgment dismissing a

petition." Rolwing v. Nestle Holdings, Inc., 437 S.W.3d 180, 182 (Mo. banc 2014).

 Rule 52.04 governs whether a person is a necessary and indispensable party. More

precisely, Rule 52.04(a) governs whether a party is "necessary." It provides:

 A person shall be joined in the action if: (1) in the person's absence complete
 relief cannot be accorded among those already parties, or (2) the person
 claims an interest relating to the subject of the action and is so situated that
 the disposition of the action in the person's absence may: (i) as a practical
 matter impair or impede the person's ability to protect that interest or (ii)
 leave any of the persons already parties subject to a substantial risk of
 incurring double, multiple, or otherwise inconsistent obligations by reason
 of the claimed interest. If the person has not been joined, the court shall order
 that the person be made a party. If the person should join as a plaintiff but
 refuses to do so, the person may be made a defendant.

"If either prong of Rule 52.04(a) has been satisfied, courts have traditionally labeled such

party 'necessary.'" State ex rel. Woodco, Inc. v. Phillips, 603 S.W.3d 873, 876 (Mo. banc

2020).

 7
 MSRS argues, in conclusory fashion, that the clerks must be necessary and

indispensable parties because they are the party responsible for assessing, collecting, and

remitting the surcharge; therefore, a court could not grant complete relief without them. 6

The only relief sought by Fowler and Keller is restitution or repayment of the $3 surcharge.

If the plaintiffs prevail on their unjust enrichment claim, they are entitled to restitution from

MSRS as the party that retained the benefit of their surcharge payment. Polk Tp., Sullivan

Cnty. v. Spencer, 259 S.W.2d 804, 807 (Mo. 1953); see also Restatement (Third) of

Restitution and Unjust Enrichment § 1 (2011) ("A person who is unjustly enriched at the

expense of another is subject to liability in restitution."). MSRS does not argue it is

incapable of providing restitution directly to Fowler and Keller if their unjust enrichment

claim is successful, nor does it explain how the clerks are necessary to ensuring restitution

is paid. Because complete relief can be accorded among the named parties, the clerks are

not necessary parties under Rule 52.04(a)(1). Nor are the clerks necessary parties under

Rule 52.04(a)(2).

 As Rule 52.04(a)(2)'s plain language makes clear, the clerks themselves must claim

an interest in the subject matter of this lawsuit to be a necessary party. Rule 52.04(a)(2);

see also Aversman v. Danner, 616 S.W.2d 117, 123 (Mo. App. 1981) (holding natural

6
 MSRS argued the clerks are necessary and indispensable parties because, as the state officials
required to enforce § 57.955, the clerks would have an "interest that would be affected by a court's
declaration." See Mo. Health Care Ass'n v. Att'y Gen. of the State of Mo., 953 S.W.2d 617, 621
(Mo. banc 1997) (emphasis added). Of course, this line of thinking applies only to a declaratory
judgment action. Because Fowler and Keller seek restitution through an unjust enrichment
theory—and at no point seek a declaration § 57.955 is unconstitutional—the clerks are not
necessary and indispensable parties for that reason.
 8
mother and her present husband were not required to be joined as necessary and

indispensable parties because they claimed no interest in the underlying wrongful death

lawsuit). At no point in this litigation have the clerks claimed an interest in this lawsuit,

and none of the parties suggest they have claimed such an interest at any time. Because

the clerks do not satisfy either prong of Rule 52.04(a), they are not necessary parties and

this Court need not address whether they are indispensable parties. State ex rel. Twenty-

Second Jud. Cir. v. Jones, 823 S.W.2d 471, 475 (Mo. banc 1992).

 III.

 Section 57.955 Violates Article I, § 14 of the Missouri Constitution

 Fowler and Keller argue § 57.955's $3 surcharge violates article I, § 14 of the

Missouri Constitution. "This Court reviews the constitutional validity of a statute de novo."

Donaldson v. Mo. State Bd. of Registration for the Healing Arts, 615 S.W.3d 57, 62 (Mo.

banc 2020). "A statute is presumed constitutional and will not be found unconstitutional

unless it clearly and undoubtedly violates the constitution." Priorities USA v. State, 591

S.W.3d 448, 452 (Mo. banc 2020) (internal quotation marks omitted).

 Article I, § 14 of the Missouri Constitution provides "[t]hat the courts of justice shall

be open to every person, and certain remedy afforded for every injury to person, property

or character, and that right and justice shall be administered without sale, denial or delay."

This Court has recognized, "Art. I, § 14 embodies the principle found in Chapter 40 of the

Magna Carta that 'To no one will We sell, to no one will We deny or delay, right or justice.'"

Harrison v. Monroe Cnty., 716 S.W.2d 263, 267 (Mo. banc 1986). For a statute imposing

 9
a court cost to withstand an article I, § 14 challenge to its validity, this Court has held the

statute must be "reasonably related to the expense of the administration of justice." Id.

 Harrison is directly on point. In Harrison, the plaintiff alleged Senate Bill 601

violated article I, § 14. Id. at 264 & n.1. SB 601 provided for additional compensation to

county officials (including county sheriffs) if those officials attended a certain training

program. Id. at 264-65. To fund the additional compensation, SB 601 authorized the

assessment of a $4 surcharge in criminal and civil proceedings. Id. at 265. As in this case,

the clerk of court collected the $4 surcharge and paid any amount to the county treasurer,

who then transmitted the funds to the state treasurer for deposit into the "County Officers

Compensation Fund." Id. The circuit court dismissed the plaintiff's suit, and the plaintiff

appealed to this Court. Id.

 In addressing SB 601's constitutional validity, this Court reasoned:

 S.B. 601 civil court costs bear no reasonable relationship to the expenses of
 the administration of justice; S.B. 601 civil court costs are collected to
 enhance the compensation of officials of the executive department of county
 government. We, therefore, hold that the fees imposed in civil cases by S.B.
 601 are unreasonable impediments to access to justice in violation of art. I,
 § 14.

Id. at 267. Harrison laid down a bright-line rule that court costs used to enhance

compensation paid to executive officials are not "reasonably related to the expense of the

administration of justice" and, therefore, violate article I, § 14. Like SB 601, § 57.955

requires the collection of a court cost used to enhance the compensation of executive

department officials—retired county sheriffs. Applying Harrison's bright-line rule,

 10
§ 57.955 is not "reasonably related to the expense of the administration of justice" and

therefore, violates article I, § 14 of the Missouri Constitution.

 Conclusion

 Because the circuit court erred in determining that the clerks were necessary parties

and that § 57.955 did not violate article I, § 14 of the Missouri Constitution, this Court

vacates the circuit court's judgment. This case is remanded for further proceedings

consistent with this opinion.

 _______________________
 Zel M. Fischer, Judge

Draper, C.J., Wilson, Russell,
Powell and Breckenridge, JJ., concur.

 11